IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS NEIL VELE,

               Plaintiff,

   v.

SHERIFF RANDALL WRIGHT,
DEPUTY RANDALL GIESE, STEPHEN
P. BURROUGHS, WARDEN MICHAEL
MEISNER, HOLLY A. GUNDERSON,
LORI DOEHLING, BRIAN MILLER and
RICKY L. SEABUL,

               Defendants.

ORDER

15-cv-151-wmc

---

State inmate Dennis Neil Vele filed a civil action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights in connection with the conditions of his confinement in the Shawano County Jail and the Redgranite Correctional Institution. In an order dated December 15, 2015, the court told Vele that his complaint violated Rule 20 of the Federal Rules of Civil Procedure because he had asserted multiple claims that cannot be joined in one lawsuit. In particular, the court found that Vele's claims could be divided into the following three lawsuits:

- **Lawsuit #1:** Claims Against Defendants Wright, Giese and Burroughs Arising from Vele's Injury at the Shawano County Jail.

- **Lawsuit #2:** Claims Against Defendant Seabul Arising Out of Seabul's Treatment of Vele's Elbow Injury.

- **Lawsuit #3:** Claims against Defendants Meisner, Gunderson, Doehling, and Miller Arising Out of Vele's Transfer from a Single Cell and Loss of Wheelchair.[1]

---

[1] The court noted that Vele may also have intended to bring claims against defendants or others

Vele was instructed to identify which lawsuit he wished to pursue under this case number and decide whether he wished to dismiss the other lawsuits at this time. He responded first on January 14, 2016, stating that he wished to pursue Lawsuit #2. (Dkt. #15.) On February 2, 2016, however, he filed a motion requesting an extension of time in which to decide which claims to pursue, indicating that he intended to file a new complaint. (Dkt. #17.) A few days later, on February 8, 2016, Vele filed a proposed amended complaint, in which he alleged claims against various Shawano County Jail staff for their alleged failure to accommodate his need for a wheelchair and the injury that resulted when he fell under this possible Lawsuit #3 above, as well as allege additional facts to support claims under the Americans with Disabilities Act and Rehabilitation Act. (Dkt. #17.) In addition, his proposed amended complaint appears to *expand* the allegations of possible Lawsuit #1 above from his original complaint. Finally, he has also filed two motions for appointment of counsel (dkt. ##18, 20), and a motion to transfer this case to the Eastern District of Wisconsin under 28 U.S.C. § 1406, on the grounds that venue is improper in this court (dkt. #19).

Because Vele's proposed amended complaint focuses on his claims against Shawano County Jail staff and events that occurred at the Shawano County Jail, he is correct that venue is proper in the Eastern District of Wisconsin. 28 U.S.C. § 1391(b). In contrast, there appears to be no connection between the allegations of Vele's amended complaint and this district. Accordingly, this court will grant Vele's motion to transfer

---

for failing to treat his allegedly defective prosthetic leg or accommodate his need for assistance as a result. However, he had not properly pleaded such claims, so the court did not include those claims in the lawsuits identified above.

this case to the Eastern District of Wisconsin. Because this court will no longer be handling this case, the court will not address Vele's proposed amended complaint or motions for appointment of counsel, beyond what is summarized above. Those matters will be taken up by the Eastern District.

ORDER

IT IS ORDERED that plaintiff Dennis Neil Vele's motion to transfer (dkt. #19) is GRANTED. This case is transferred to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406.

Entered this 6th day of April, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge